## DOUD v. WALLER.

1. **Surety: PARTIAL PAYMENT.** Where a party became surety for one-third of a debt, and another party became surety for two-thirds thereof, a part of which was subsequently discharged by the payment of a portion of a judgment recovered thereon, *held*, that neither of the sureties could insist upon the application of the entire amount paid to the release of his liability.

2. ———: ———: **PROPORTION OF LIABILITY.** The amount so recovered and paid should be deducted from the entire debt, whereupon the sureties would be liable for the remainder, in the proportion of their liability upon the original debt.

*Appeal from Dubuque Circuit Court.*

TUESDAY, JUNE 11.

THE plaintiff filed his substituted petition, alleging:

"1. That on or about the 14th day of February, 1867, Mathias Ham executed and delivered to Margaret McKenzie his promissory note for the sum of three thousand dollars, and on or about the time aforesaid she sold and transferred the same to said defendant, together with a mortgage given to her to secure the same by said Ham and wife, at the time aforesaid, on the following described property:　　*　　*　　*　　*

"2. That afterward, to-wit: August 29, 1867, said plaintiff guaranteed the payment of one-third part of said note, whereby he became and was surety on said note for the payment of one-third part of the same.

"3. That after the maturity of said note said defendant herein brought a foreclosure suit in equity on said note and mortgage, in the District Court for Dubuque county, Iowa, and at the June Term, 1871, recovered judgment against said Mathias Ham for the sum of four thousand three hundred and twelve dollars and fifty cents, and costs of suit, and against this plaintiff, on said guaranty, for the sum of one thousand

four hundred and thirty-seven dollars and fifty cents, of said sum of four thousand three hundred and twelve dollars and fifty cents, as surety, to be at interest at the rate of ten per cent per ·annum, and a decree of foreclosure of said mortgage, and for special execution on said judgment for the sale of said mortgaged premises.

"4. That afterward, to-wit: August 12, 1871, the said defendant caused special execution to be issued on said judgment, and said premises were sold under and by virtue of the same on the 19th day of September, 1871, for the sum of three thousand and twenty-five dollars, which amount was credited and applied on the judgment.

"5. Plaintiff further states that said Mathias Ham was the maker and principal of said note, and that the undertaking and agreement of plaintiff aforesaid were secondary thereto, and as surety for said Ham for the payment of one-third of ·said note; that said judgment was rendered against this plaintiff as surety for said Ham for one-third only; that the sum of three thousand and twenty-five dollars has been paid on the said judgment of four thousand three hundred and twelve dollars and fifty cents by said Ham, rendered against him as principal, by the sale of the property as aforesaid, which more than pays the sum of one thousand four hundred and thirty-seven dollars and fifty cents, for which judgment was rendered against plaintiff as surety, whereby the said plaintiff was released and discharged from all liability on the same, and the said judgment as to him became and was satisfied.

"6. And plaintiff further says that, notwithstanding the facts aforesaid, the said Maria Waller refuses to enter satisfaction of said judgment against him, or any part thereof, but pretends and claims that the same is unpaid and subsisting.

"7. A copy of said note and guaranty is hereto attached, and marked exhibit 'A,' and of said judgment marked exhibit 'B,' and made part hereof.

"8. Therefore plaintiff prays that the said defendant, Maria Waller, may be decreed to enter full and complete satisfaction of said judgment and decree, so far as the same affects your petitioner, and to release and discharge the judgment upon the proper records so far as your petitioner is concerned, the same to be done within a time to be fixed by this court; and in case said defendant fails to obey said decree, then that such satisfaction and release be entered by the clerk of the court, and plaintiff prays for such other and further relief as may be just and equitable."

The guaranty upon the note is as follows: "I hereby guarantee the payment of the one-third of the within note; demand, notice and protest waived, August 29, 1867."

The portion of the judgment material to this inquiry is as follows: "The court finds that there is due to said plaintiff from Mathias Ham, upon the note described in said petition, the sum of four thousand three hundred and twelve dollars and fifty cents; that there is due said plaintiff on said note from Margaret McKenzie the sum of twenty-eight hundred and seventy-five dollars; and that there is due said plaintiff on said note from said John Doud, Jr., the sum of fourteen hundred and thirty-seven dollars and fifty cents. It is, therefore, ordered, adjudged and decreed by the court that the plaintiff have and recover of and from the defendant, Mathias Ham, the sum of four thousand three hundred and twelve dollars and fifty cents, and costs of suit; and from the defendant Margaret McKenzie, as indorser, for the sum of two thousand eight hundred and seventy-five dollars of the sum of four thousand three hundred and twelve dollars and fifty cents, and costs of suit; and from the defendant John Doud, Jr., the sum of one thousand four hundred and thirty-seven dollars and fifty cents of the said sum of four thousand three hundred and twelve dollars and fifty cents; for which sum judgment is hereby rendered against said defendants. And it is further ordered and decreed by the court that the mortgage described in plaintiff's petition be and is hereby fore-

Doud v. Waller.

closed; that special execution issue on said judgment for the sale of said premises; * * * * that said premises, or so much thereof as may be necessary, be sold to satisfy said judgment; that general execution (issue) for any balance remaining unsatisfied or unpaid against said Mathias Ham, Margaret McKenzie, and John Doud, Jr., as their liability respectively appears."

To the petition the defendant demurred as follows:

"1. The facts stated in the petition do not entitle the plaintiff to the relief demanded.

"2. The facts stated in the petition defeat the alleged cause of action in this—*First*, it appears that the matters and things complained of herein have once been adjudicated; *second*, it appears by the petition that a judgment has been rendered against plaintiff, and the facts stated show that the judgment so rendered, as alleged, has never been paid, nor is it averred that said judgment has been paid."

The court sustained this demurrer, and rendered judgment against plaintiff for costs. The plaintiff appeals.

*A. Cragin*, for appellant.

*Pollock & Shields*, for appellee.

DAY, J.—I. The rights of the parties are fixed by the judgment rendered in the case of *Waller v. Ham et al.* It is plain from the judgment rendered in that case that it was the

1. SURETY: partial payment.

intention to make Margaret McKenzie conditionally liable for two-thirds of the judgment rendered against Ham and John Doud conditionally liable for one-third of the judgment against Ham. In other words, in the event of the failure to collect the judgment from Ham, the whole of it should be collected from McKenzie and Doud, McKenzie paying two-thirds, and Doud one-third. The plaintiff has no more right to insist that the three thousand and twenty-five dollars collected upon the judgment shall be applied in full discharge of his conditional liability, than Margaret McKenzie has to de-

mand that it shall be applied in full discharge of her conditional liability. If both are discharged, it follows that one-third of the judgment against Ham is without any security. The amount collected should be applied upon the judgments against McKenzie and plaintiff in proportion to their respective liability.

II. Appellant claims that plaintiff, at the most, cannot be held liable for more than one-third of what remains 2. ——: ——: unpaid, and that the court below should have so

<span style="padding-left:2em">proportion of</span>
<span style="padding-left:2em">liability.</span> held. It is true, as we have before seen, that plaintiff can be held liable only for one-third of what remains unpaid. The only question is whether the plaintiff is entitled to any relief in this action. The petition is drawn upon the theory that the whole judgment has been discharged, and that Maria Waller refused to enter satisfaction. If defendant had been asked to credit the judgment with one-third part of the amount collected *non constat* she would have refused to do so. She ought not to be required to incur the expenses of a litigation unless she has refused the plaintiff what he is entitled to. Further, it does not appear that this relief was claimed in the court below. If the attention of the court had been called to this feature of the case, probably the relief, to this extent, would have been granted without incurring the expenses of an appeal. It seems most probable that the claim for this qualified relief was made for the first time in this court. Still, under the petition, the plaintiff is entitled to the relief asked for, or any lower degree included therein. Code, § 2729. The plaintiff, failing to make a case entitling him to the satisfaction of the entire judgment, would be entitled to a satisfaction of so much of it as has been discharged. The cause will be reversed, with directions to the court below to overrule the demurrer, and, if no answer is filed, to enter a decree that the defendant credit upon the judgment against plaintiff one-third part of the amount collected. Inasmuch as it is not averred that defendant ever refused to make such a credit, and does not appear that the

plaintiff might not have had this relief in the court below, if the attention of the court had been directed to it, the plaintiff must pay the costs both in the court below and in this court.

REVERSED.

Mr. Justice ADAMS took no part in the decision of this case.